# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

GREG MALENDA,

      Plaintiff,

                              Civil Action 2:19-cv-167
v.                            Judge Edmund A. Sargus
                              Magistrate Judge Kimberly A. Jolson

DAVID GRAY, et al.,

      Defendants.

## REPORT AND RECOMMENDATION

Plaintiff, who is proceeding *pro se*, brought this action on January 16, 2019, while incarcerated at Belmont Correctional Institution ("BCI"). (*See* Doc. 1). Broadly speaking, Plaintiff seeks injunctive relief against 17 BCI officials and employees for the alleged violation of his First, Fourth, Eighth, and Fourteenth Amendment rights. (*See generally* Docs. 3, 12, 32). Plaintiff has since been released from custody, (*see* Doc. 30), and, because he seeks only injunctive relief against Defendants, (*see* Doc. 12), his case is now moot. Therefore, the Undersigned withdraws her pending Report and Recommendation (Doc. 38) and **RECOMMENDS** that Plaintiff's claims for injunctive relief be **DISMISSED as moot** and that this case be **DISMISSED** in its entirety.

## I. BACKGROUND

As the following procedural history demonstrates, the Undersigned has permitted Plaintiff, on multiple occasions, to amend his pleadings.

Plaintiff filed his Complaint on January 22, 2019, (the "Original Complaint"), asserting claims for various constitutional violations against Defendants Gray, Haley, Kolvek, Sattler, Haggerty, Terek, Murphy, Aubrey, Everhart, Weer, Hunyadi, Stanforth, Kuryn, and Litzenberger.

1

(Doc. 3). In the Original Complaint, Plaintiff requested declaratory and injunctive relief, as well as $50,000 in compensatory damages and $5,000 in punitive damages against each Defendant. (*Id*. at 2; 7–8).

Then, on February 13, 2019, Plaintiff moved to amend to add Defendants Taylor, Callarik, and Meager. (Doc. 4). The Undersigned granted Plaintiff's Motion and directed Plaintiff to file an amended complaint within 21 days. (Doc. 6). On March 15, 2019, Plaintiff requested an additional 30 days to file an amended complaint, which the Undersigned granted. (Docs. 10, 11). Plaintiff filed the Amended Complaint on March 22, 2019, substituting Defendant Scott for Defendant Weer. (Doc. 12). Notably, however, Plaintiff failed to request any form of relief in the Amended Complaint. (*See id*.). Rather, he attached the Original Complaint to the end of a 277- page exhibit accompanying the Amended Complaint. (Doc. 12-2 at 270).

Defendants filed a Motion to Dismiss on May 9, 2019, noting the fact that Plaintiff's Amended Complaint is silent regarding relief. (Doc. 22 at 1–2). Defendants' Motion seemingly alerted Plaintiff of this issue, because, on June 26, 2019, he filed a Motion to Amend Relief Requested. (Doc. 32). In his Motion, Plaintiff set forth 16 separate requests for relief, all of which are injunctive. (*See id*.). For example, Plaintiff requested that the Court require random drug testing and ongoing training for all BCI staff and contractors. (*Id*. at 1). Defendants moved to strike Plaintiff's Motion as improper under the Federal Rules of Civil Procedure. (Doc. 35).

On October 31, 2019, the Undersigned issued a Report and Recommendation, recommending granting in part and denying in part Defendants' Motion to Dismiss. (Doc. 38). Pertinent here, the Undersigned granted Plaintiff's Motion to Amend Relief Requested and denied Defendants' Motion to Strike. (*Id*. at 22). Therefore, in considering the merits of Plaintiff's

claims, the Undersigned considered the Amended Complaint, (Doc. 12), and the relief requested in Plaintiff's Motion to Amend Relief Requested, (Doc. 32). (*See generally* Doc. 38).

While that Report and Recommendation was pending, it came to the Court's attention that Plaintiff had been released from custody. (*See* Doc. 30). So the Undersigned issued an Order, noting that, because Plaintiff is seeking only injunctive relief against Defendants, his claims most likely became moot when he was released from custody. (Doc. 41). The Undersigned directed the parties to meet and confer and file a joint status report regarding which, if any of Plaintiff's claim are still active following Plaintiff's release from custody. (*Id.*).

Defendants timely filed a status report, explaining that, "[a]lthough the Court Order indicated that a joint status report be filed, Plaintiff has failed to confer with the undersigned counsel in a timely manner after undersigned counsel attempted to get into contact with Plaintiff." (Doc. 43 at 1). Defendants attached a copy of a December 20, 2019, letter and proposed status report that they sent to Plaintiff. (Doc. 43-1). In their letter, Defendants explained the Court's recent directive and asked Plaintiff to call or write them regarding any changes to the proposed status report by January 4, 2020. (*Id.* at 1). According to Defendants, Plaintiff did not call counsel for Defendants until January 10, 2019. (Doc. 43-1 at 1). Plaintiff explained that he is still seeking the monetary damages requested in his Original Complaint (Doc. 3). (*Id.*). But, as explained below, Plaintiff's Amended Complaint superseded the Original Complaint, and as such, Plaintiff's case involves claims for only injunctive relief.

## II. DISCUSSION

The Undersigned must answer two questions: First, which pleading serves as the operative pleading in this matter; and second, whether Plaintiff's claims for injunctive relief became moot when he was released from custody.

## A. Operative Pleading

It is well established that "[t]he filing of the amended complaint renders the original complaint null and void." *Riley v. Fritz*, No. 1:08-CV-828, 2009 WL 261257, at *1 (W.D. Mich. Feb. 4, 2009) (quotation marks, alteration, and citation omitted) (collecting cases). And, while "[p]ro se complaints are to be held to less stringent standards than formal pleadings drafted by lawyers," *Howard v. City of Memphis*, No. 2:15-CV-2800-JDT-DKV, 2016 WL 4435254, at *3 (W.D. Tenn. Aug. 19, 2016) (quotation marks and citations omitted), pro se prisoners are not exempt from this rule, *see, e.g.*, *Abdel-Fares v. Terris*, No. CIV.A. 14-13301, 2015 WL 3451240, at *2 (E.D. Mich. Apr. 29, 2015), *report and recommendation adopted*, No. 14-CV-13301, 2015 WL 3451256 (E.D. Mich. May 29, 2015) (holding, in a prisoner civil rights case, that, "[b]ecause an amended complaint supersedes all prior complaints, [plaintiff's] original complaint will not be considered"); *see also Koetje v. Norton*, No. 2:13-CV-12739, 2015 WL 5692513, at *1 (E.D. Mich. Aug. 13, 2015), *report and recommendation adopted*, No. 13-12739, 2015 WL 5679836 (E.D. Mich. Sept. 28, 2015) (collecting cases and holding that pro se prisoner's amended complaint served as the operative complaint, despite the fact that it was far shorter than the original complaint); *Ashenhurst-Gallina v. Kandrevas*, No. 08-CV-11464, 2009 WL 1424802, at *4–5 (E.D. Mich. May 19, 2009) (holding, in a prisoner civil rights case, that plaintiff's amended complaint "supersede[d] the original complaint and bec[ame] the operative pleading in the case").

The above authority applies here. Plaintiff has had numerous opportunities to amend his pleading, and the Undersigned has made allowances for his status as a pro se prisoner. Once Plaintiff realized that his Amended Complaint failed to request any relief, he filed an amendment to request relief, without seeking leave of Court. The Undersigned permitted Plaintiff to do so and considered his requested relief as part of the Amended Complaint when issuing her Report and

4

Recommendation. Now, over two months following the Report and Recommendation, Plaintiff requests that the Court consider the Original Complaint and monetary relief requested therein. Given the multiple amendments since the filing of the Original Complaint, Plaintiff's request is unreasonable. Accordingly, and as was Defendants' and the Undersigned's understanding, Plaintiff's Amended Complaint (Doc. 12) and the injunctive relief requested in his Motion to Amend Relief Requested serve as the operative pleadings in this matter.

**B. Mootness**

Having decided that the claims in this case are for only injunctive relief, the Undersigned finds that Plaintiff's claims are moot.

The Court properly raises the jurisdictional issue of mootness *sua sponte*. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions . . .") (internal quotation marks and citations omitted); *Berger v. Cuyahoga Cty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir. 1993) ("Questions of jurisdiction are fundamental matters which [the court] may review *sua sponte*.").

Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1. The doctrine of mootness is corollary of Article III's case-or-controversy requirement. It "provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases to exist, the federal court must dismiss the action for want of jurisdiction." *Zeune v. Mohr*, No. 2:14-CV-153, 2015 WL 3544662, at *2 (S.D. Ohio June 4, 2015) (quotation marks and citation omitted). "When an inmate files suit against prison officials at the institution of his incarceration based upon those officials' wrongful conduct seeking

declaratory and injunctive relief, and that inmate is subsequently transferred or released, courts routinely dismiss the declaratory and injunctive relief claims as moot." *Zeune*, 2015 WL 3544662, at *2 (collecting cases). "This is because an inmate's transfer or release ends the alleged violations of his or her constitutional rights, which 'render[s] the court unable to grant the requested relief.'" *Id.* (quoting *Berger v*, 983 F.2d at 721).

"There is . . . an exception to the mootness doctrine for claims that are capable of repetition, yet evade review." *Fredette v. Hemingway*, 65 F. App'x 929, 931 (6th Cir. 2003). "This narrow, capable-of-repetition exception is limited to situations in which the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration' and there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Golson v. Mohr*, No. 2:13-CV-373, 2013 WL 5775356, at *2 (S.D. Ohio Oct. 25, 2013) (quotation marks and citation omitted). The circumstances here do not fall within this exception.

Rather, the Undersigned concludes that Plaintiff's claims for injunctive relief are moot. Plaintiff's release from BCI "'eradicated the effects of the alleged violation.'" *Young v. Bryant*, No. 1:10-CV-953, 2012 WL 360295, at *3 (W.D. Mich. Jan. 11, 2012), *report and recommendation adopted*, No. 1:10-CV-953, 2012 WL 368266 (W.D. Mich. Feb. 2, 2012) (quoting *Los Angeles Cty. v. Davis*, 440 U.S. 625, 625 (1979)). And, once released, Plaintiff was no longer subject to BCI's policies or procedures that form the basis of Plaintiff's claims. Furthermore, there is no reasonable expectation that the alleged violations will recur. Under these circumstances, there is no basis for the Court to provide Plaintiff with injunctive relief. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (finding that plaintiff's claims for declaratory and injunctive relief were moot when he was no longer confined to the institution that searched his mail). Accordingly, Plaintiff's claims for injunctive relief must be dismissed as moot.

## III. CONCLUSION

For the foregoing reasons, the Undersigned withdraws her pending Report and Recommendation (Doc. 38) and instead **RECOMMENDS** that Plaintiff's claims for injunctive relief be **DISMISSED as moot** and that this case be **DISMISSED** in its entirety.

## IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: January 16, 2020 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE